IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT DAYTON, OHIO

| | |
|---|---|
| IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST 1470 Worldwide Place Vandalia, Ohio 45377 | ) ) ) ) ) |
| and | ) ) ) |
| IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY PENSION TRUST 1470 Worldwide Place Vandalia, Ohio 45377 | ) ) ) ) ) ) |
| and | ) ) |
| IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY ANNUITY TRUST 1470 Worldwide Place Vandalia, Ohio 45377 | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| TRINITY REBAR AND CONCRETE SUPPLIES, LLC 1020 Winfield Road Winfield, WV 25213 | ) ) ) ) ) |
| and | ) ) |
| GLENN JEFFRIES Route 1, Box 71-4 #2 Labrador Lane Red House, WV 25168 | ) ) ) ) |

CASE NO. 3:13-CV-00364

JUDGE

COMPLAINT FOR VIOLATIONS OF MONEY DAMAGES, ATTORNEYS' FEES, AND INJUNCTIVE RELIEF

1

|  | ) |
| and | ) |
|  | ) |
| DONOVAN FARLEY | ) |
| 1020 Winfield Road | ) |
| Winfield, WV 25213 | ) |
|  | ) |
| and | ) |
|  | ) |
| JAMIE REED | ) |
| 1020 Winfield Road | ) |
| Winfield, WV 25213 | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

## STATEMENT OF THE CASE

1.      This is a suit brought by three employee benefit plans against an employer, for its violations of Section 515 of Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1145. The suit seeks delinquent employer contributions, pre-judgment interest, liquidated damages, attorneys' fees, costs of this action, and equitable relief pursuant to the provisions ERISA. This suit also seeks post-judgment interest pursuant to Title 28 U.S.C. § 1961.

2.      Plaintiffs have also brought this suit against Glenn Jeffries, Donovan Farley, and Jamie Reed personally, for breaching their fiduciary duties in violation of Section 409 of ERISA, 29 U.S.C. § 1109, and for engaging in prohibited transactions in violation of Section 406 of ERISA, 29 U.S.C. § 1106.

## PARTIES - BENEFIT TRUST

3.      Plaintiff, **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST** ("Benefit Trust") was created pursuant to a written Agreement and Declaration of Trust ("Benefit Trust Agreement"), entered into on August 1, 1952, between

2

various labor organizations affiliated with the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO ("Participating Unions") and various employers having collective bargaining agreements ("CBAs") with the Participating Unions involved. Attached hereto as **Exhibit 1** is the Benefit Trust Agreement. The Benefit Trust Agreement has been amended from time to time.

4.     The Benefit Trust was created for the purpose of providing and maintaining life insurance, weekly accident and sickness benefits, hospitalization coverage, medical and surgical coverage, and dental coverage for the benefit of participating employees and their families. The Benefit Trust is an employee welfare plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3).

<u>PARTIES - THE PENSION TRUST</u>

5.     Plaintiff, **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY PENSION TRUST** ("Pension Trust"), was created pursuant to a written Agreement and Declaration of Trust ("Pension Trust Agreement"), entered into on October 30, 1962, between various labor organizations affiliated with the Participating Unions and various employers having CBAs with the Participating Unions involved. Attached hereto as **Exhibit 2** is the Pension Trust Agreement. The Pension Trust Agreement has been amended from time to time.

6.     The Pension Trust was created for the purpose of providing pension, retirement, and death benefits for participating employees and their beneficiaries. The Pension Trust is an employee pension plan within the meaning of Section 3(3) of ERISA, Title 29 U.S.C. § 1002(3).

3

<u>PARTIES – ANNUITY TRUST</u>

7.     Plaintiff, **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO &
VICINITY ANNUITY TRUST** ("Annuity Trust") (hereinafter the Benefit Trust, the Pension
Trust, and the Annuity Trust shall be referred to collectively as the "Trusts" or "Plaintiffs"), was
created pursuant to a written Agreement and Declaration of Trust ("Annuity Trust Agreement")
(hereinafter the Benefit Trust Agreement, the Pension Trust Agreement, and the Annuity Trust
Agreement are collectively the "Trust Agreements"), entered into on April 27, 1971, between
various labor organizations affiliated with the Participating Unions and various employers
having CBAs with the Participating Unions involved.   Attached hereto as **Exhibit 3** is the
Annuity Trust Agreement. The Annuity Trust Agreement has been amended from time to time.

8.     The Annuity Trust was created for the purpose of providing annuity benefits for
participating employees and their beneficiaries.  The Annuity Trust is an employee pension plan
within the meaning of Section 3(3) of ERISA, Title 29 U.S.C. § 1002(3).

<u>PARTIES – TRINITY REBAR AND CONCRETE SUPPLIES, LLC</u>

9.     Defendant **TRINITY REBAR AND CONCRETE SUPPLIES, LLC** ("Trinity"), is an
employer within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and
1145 respectively, having its principal place of business in the State of West Virginia.

<u>PARTIES – GLENN JEFFRIES</u>

10.     Upon information and belief, Defendant **GLENN JEFFRIES** ("Jeffries") is a member
and/or principal officer of Trinity.

11.     Upon information and belief, Jeffries is a fiduciary to the Trusts within the meaning of
Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), in that he exercises or that he has

exercised discretionary authority or control with regard to the management or disposition of plan assets, including employer contributions that are owed to the Trusts.

PARTIES – DONOVAN FARLEY

12.     Upon information and belief, Defendant **DONOVAN FARLEY** ("Farley") is the President and a member of Trinity.

13.     Upon information and belief, Farley is a fiduciary to the Trusts within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), in that he exercises or that he has exercised discretionary authority or control with regard to the management or disposition of plan assets, including employer contributions that are owed to the Trusts.

PARTIES – JAMIE REED

14.     Upon information and belief, Defendant **JAMIE REED** ("Reed") is a member and/or principal officer of Trinity.

15.     Upon information and belief, Reed is a fiduciary to the Trusts within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), in that he exercises or that he has exercised discretionary authority or control with regard to the management or disposition of plan assets, including employer contributions that are owed to the Trusts.

JURISDICTION AND VENUE

16.     The jurisdiction of this Court is invoked pursuant to Sections 502(a)(3), (e)(1), (f), and (g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3), (e)(1), (f), and (g)(2) respectively, which provide that the United States District Courts shall have exclusive jurisdiction, without regard to the amount in controversy, or the citizenship of the parties, to enforce the provisions of ERISA, or the terms of the plan, or to remedy violations of Section 515 of ERISA, 29 U.S.C. § 1145.

17.     The principal place of operation and administration of the Trusts is located in the City of Vandalia, Montgomery County, State of Ohio, and as such, is within the jurisdiction of the United States District Court for the Southern District of Ohio, Western Division, pursuant to 28 U.S.C. § 115(b)(1).

18.     This action is properly brought in the United States District Court for the Southern District of Ohio, Western Division, pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), which provides that actions to redress violations of ERISA may be brought in a district court of the United States where the plan is administered, and process may be served in any other district where a defendant resides or may be found.

<u>STANDING</u>

19.     Pursuant to Section 502(d)(1) of ERISA, 29 U.S.C.§ 1132(d)(1), the Trusts may sue, as entities, for the relief sought in this case.

<u>PLAINTIFFS ARE MULTIEMPLOYER PLANS</u>
<u>WITHIN THE MEANING OF ERISA</u>

20.     The Trusts are maintained pursuant to one or more CBAs between one or more labor organizations and more than one employer.  Said CBAs require more than one employer to contribute to the Trusts. Hence, the Trusts are multiemployer plans within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

<u>THE PARTICIPATION AGREEMENT</u>

21.     At all times relevant to this action Trinity has been a party to one or more agreements, known as the "Participation Agreement," with the Trusts, whereby Trinity agreed to do the following:

> i.     …to accept, to be bound by, and to comply with the terms and provisions of the Agreements and Declarations of Trust establishing the Benefit Trust, the Pension Trust, and the

Annuity Trust, as follows: (a) [t]he Agreement and Declaration of Trust, dated August 1, 1952, and establishing the Benefit Trust, as amended, and as thereafter amended (herein called the "Benefit Trust Agreement"); (b) [t]he Agreement and Declaration of Trust, dated October 30, 1962, establishing the Pension Trust, as amended, and as hereafter amended (herein called the "Pension Trust Agreement"); and (c) [t]he Agreement and Declaration of Trust, dated April 27, 1971, establishing the Annuity Trust, as amended, and as hereafter amended (herein called the "Annuity Trust Agreement")….

ii.     …to contribute to the Benefit Trust, the Pension Trust, and the Annuity Trust at the contribution rates contained [by collective bargaining agreements with the International Association of Bridge, Structural, and Ornamental Iron Workers, or its local unions, covering the Defendant's employees].

A copy of the Trinity Participation Agreement, which is dated September 13, 2011, is attached hereto as **Exhibit 4** to this Complaint (hereinafter the "Participation Agreement")

22.     Pursuant to the Trust Agreements, Trinity is bound to the Trusts' collection and delinquency procedures, as amended by the Trusts' Board of Trustees from time to time.

<u>RELEVANT COLLECTIVE BARGAINING AGREEMENTS</u>

23.     At all times relevant to this suit, Trinity has been bound to the terms of one or more CBA with Iron Workers Local No. 301, Charleston, West Virginia, Iron Workers Local No. 769, Ashland, Kentucky, and Iron Workers Local No. 787, Parkersburg, West Virginia, which are Participating Unions affiliated with the International Association of Bridge, Structural, and Ornamental Iron Workers (hereinafter the applicable CBAs shall be referred to collectively as the "Iron Workers Labor Agreement"). Trinity is bound to the Iron Workers Labor Agreement by virtue of the Participation Agreement.

24.     The Iron Workers Labor Agreement establishes the wages, hours, and terms and conditions of employment of Trinity's bargaining unit employees covered thereunder. Trinity is

required to honor the wages, hours, and other terms and conditions of employment set forth in the Iron Workers Labor Agreement when it employs the Trusts' participants covered thereunder.

25.     Among the wages, hours, and terms and conditions of employment established by the Iron Workers Labor Agreement is the requirement that Trinity make hourly fringe benefit contributions to the Trusts on behalf of each participating employee whom Trinity employs.

26.     The Iron Workers Labor Agreement and the Participation Agreement obligate Trinity to make contributions to a multiemployer plan or plans within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

27.     Section 515 of ERISA, 29 U.S.C. § 145, provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

## COUNT I –TRINITY IS DELINQUENT ON ITS CONTRIBUTIONS TO THE TRUSTS IN VIOLATION OF SECTION 515 OF ERISA, 29 U.S.C. § 1145

28.     The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

29.     Trinity has employed workers whose wages, hours, and terms and conditions of employment are set forth in the Iron Workers Labor Agreement.

30.     Among the terms and conditions of employment in the Iron Workers Labor Agreement is the requirement that Trinity make employer contributions to the Trusts on behalf of covered employees.

31.     Trinity has failed and refused to make such contributions to the Trusts on behalf of its covered employees, as is required by the terms of the Trust Agreements and the Iron Workers

Labor Agreement and Trinity is delinquent to the Trusts in violation of the terms of the Trust Agreements and the Iron Workers Labor Agreement.

32.     Pursuant to the Trust Agreements, the Participation Agreement, and the Iron Workers Labor Agreement, Trinity is also required to return monthly reporting forms indicating the number of hours worked by participating iron workers in the relevant month.  These reporting forms allow the Trusts to calculate the fringe benefit contributions due and owed for each month on behalf of the Trusts' participants.

33.     Based on the reporting forms that Trinity has returned, it owes the Trusts **$35,973.19** (as apportioned below, excluding the Trusts' costs and reasonable attorneys' fees) as delinquent contributions, liquidated damages, and interest charges.

34.     Trinity's failure and refusal to make employer contributions to the Trusts is a violation of Section 515 of ERISA, 29 U.S.C. §1145.

35.     Upon information and belief, Trinity's failure and refusal to return all required hourly reports to the Trusts is a further violation of Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3).

<u>THE BENEFIT TRUST'S CLAIMS AGAINST THE TRINITY</u>

36.     The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

37.     Article III of the Benefit Trust Agreement, to which Trinity has agreed to be bound, by virtue of signing the Participation Agreement, requires that Trinity makes such fringe benefit contributions to the Benefit Trust as shall be provided by the terms of the Iron Workers Labor Agreement previously alleged.

38.     Trinity has failed and refused to make employer fringe benefit contributions to the Benefit Trust as is required by the Iron Workers Labor Agreement.

39.     As a result of Trinity's failure and refusal to make employer fringe benefit contributions to the Benefit Trust, pursuant to Article III, Section 2 of the Benefit Trust Agreement, Trinity owes to the Benefit Trust pre-judgment interest and liquidated damages, which have not been paid.

40.     As of October 9, 2013, based on the documents and information that Trinity has provided to the Trusts, Trinity owes the Benefit Trust **$11,694.49** in delinquent employer contributions, pre-judgment interest, and liquidated damages as follows:

| | |
|---|---|
| **Delinquent employer contributions:** | **$1,761.65** |
| **Pre-judgment interest:** | **$8,597.55** |
| **Liquidated damages:** | **$1,335.29** |

and the Benefit Trust has been forced to bring this legal action to collect the delinquent amounts owed by Trinity, and the Benefit Trust is entitled to its costs and reasonable attorneys' fees pursuant to Article III, Section 8 of the Benefit Trust Agreement, and Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

41.     Upon information and belief, the Benefit Trust alleges that Trinity owes additional amounts in delinquent contributions, pre-judgment interest, and liquidated damages based on other hourly reports that Trinity has failed and or refused to produce in violation of its obligation under the Participation Agreement and under the Benefit Trust Agreement.

<u>PENSION TRUST'S CLAIMS AGAINST TRINITY</u>

42.     The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

43.     Article VIII of the Pension Trust Agreement, to which Trinity has agreed to be bound, by virtue of signing the Participation Agreement, requires that it makes such fringe benefit

contributions to the Pension Trust as shall be provided by the terms of the Iron Workers Labor Agreement previously alleged.

44.     Trinity has failed and refused to make employer fringe benefit contributions to the Pension Trust as required by the Iron Workers Labor Agreement.

45.     As a result of Trinity's failure and refusal to make employer fringe benefit contributions to the Pension Trust, pursuant to Article VIII, Section 2 of the Pension Trust Agreement, Trinity owes to the Pension Trust pre-judgment interest and liquidated damages.

46.     As of August 19, 2013, based on the documents and information that that Trinity has provided to the Trusts, Trinity owes the Pension Trust **$17,982.64** in delinquent employer contributions, pre-judgment interest, and liquidated damages as follows:

|  |  |
|---|---|
| **Delinquent employer contributions:** | **$4,862.85** |
| **Pre-judgment interest:** | **$11,343.02** |
| **Liquidated damages:** | **$1,776.77** |

and the Pension Trust has been forced to bring this legal action to collect the delinquent amounts owed by Trinity, and the Pension Trust is entitled to its costs and reasonable attorneys' fees pursuant to Article VIII, Section 5 of the Pension Trust Agreement, and Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

47.     Upon information and belief, the Pension Trust alleges that Trinity owes additional amounts in delinquent contributions, pre-judgment interest, and liquidated damages based on other hourly reports that Trinity has failed and or refused to produce in violation of its obligation under the Pension Trust Agreement and under the Participation Agreement.

<u>ANNUITY TRUST'S CLAIMS AGAINST TRINITY</u>

48.  The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

49.  Article VIII of the Annuity Trust Agreement, to which Trinity has agreed to be bound, by virtue of signing the Participation Agreement, requires that Trinity make such fringe benefit contributions to the Annuity Trust as shall be provided by the terms of the Iron Workers Labor Agreement previously alleged.

50.  Trinity has failed and refused to make employer contributions to the Annuity Trust as required by the Iron Workers Labor Agreement.

51.  As a result of Trinity's failure and refusal to make employer fringe benefit contributions to the Annuity Trust, pursuant to Article VIII, Section 2 of the Annuity Trust Agreement, Trinity owes to the Annuity Trust pre-judgment interest and liquidated damages.

52.  As of August 19, 2013, based on the documents and information that Trinity has provided to the Trusts, Trinity owes the Annuity Trust **$6,296.06** in delinquent employer contributions, pre-judgment interest, and liquidated damages as follows:

| | |
|---|---|
| **Delinquent employer contributions:** | **$1,552.25** |
| **Pre-judgment interest:** | **$4,111.03** |
| **Liquidated damages:** | **$632.78** |

and the Annuity Trust has been forced to bring this legal action to collect the delinquent amounts owed by Trinity, and the Annuity Trust is entitled to its costs and reasonable attorneys' fees pursuant to Article VIII, Section 5 of the Annuity Trust Agreement, and Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

53.     Upon information and belief, the Annuity Trust alleges that Trinity owes additional amounts in delinquent contributions, pre-judgment interest, and liquidated damages based on other hourly reports that Trinity has failed and or refused to produce in violation of its obligation under the Pension Trust Agreement and under the Participation Agreement.

<u>THE TRUSTS' CLAIM FOR INJUNCTIVE RELIEF FROM TRINITY</u>

54.     The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

55.     Pursuant to the Trust Agreements, Trinity is required to allow the Trusts' authorized agent access to its payroll records for the purpose of conducting a payroll audit.

56.     The Trusts are seeking to enforce the terms of the Trust Agreements pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), by obtaining an order requiring Trinity to provide access to such records so that a payroll audit can be completed.

**COUNT II – GLENN JEFFRIES' BREACH OF FIDUCIARY DUTY IN VIOLATION OF SECTION 409 OF ERISA, 29 U.S.C. § 1109**

57.     The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

58.     Upon information and belief, Glenn Jeffries is a member of Trinity.

59.     Upon information and belief, Defendant Jeffries is the statutory agent for Trinity.

60.     Upon information and belief, Defendant Jeffries has a controlling ownership interest in Trinity.

61.     Upon information and belief, Defendant Jeffries has the authority to bind and obligate Trinity.

62.     Upon information and belief, Defendant Jeffries is a principal officer responsible for Trinity.

63.    Upon information and belief, Defendant Jeffries has authority to contractually bind Trinity.

64.    Upon information and belief, Defendant Jeffries has authority to spend money on behalf of Trinity.

65.    Upon information and belief, Defendant Jeffries is authorized to sign checks on behalf of Trinity.

66.    Upon information and belief, Defendant Jeffries chose to pay other creditors, including himself, rather than paying money owed to the Trusts.

67.    Effective September 14, 2010, the Trusts' Board of Trustees amended the Trust Agreements to establish the point at which employer contributions became Fund Assets. Attached hereto as **Exhibit 5** is a true and correct copy of said amendments to the Trust Agreements as agreed to by the Trusts' Board of Trustees.

68.    Pursuant to the Trust Agreements, as amended by Exhibit 5, "Employer Contributions are Fund Assets at the time that they become due as stated in the collective bargaining agreements between the Unions and the Employers, the participation agreements, and [the] Trust Agreement[s]."

69.    Effective September 14, 2010, the Trusts' Board of Trustees further amended the Trust Agreements to establish the meaning of "Fund Assets."

70.    Pursuant to the Trust Agreements, as amended by Exhibit 5, "Fund Assets" include, the sums of money that have or will be paid or which are due and owing to the Trusts by the Employers as Employer Contributions required by the collective bargaining agreements between the Unions and the Employers, the participation agreements, the Trust Agreements, as well as

signed stipulations (including, but not limited to settlement agreements, promissory notes, and judgments), or applicable law."

71.    Effective September 14, 2010, the Trusts' Board of Trustees further amended the Trust Agreements to provide as follows:

> Not by way of limitation, any of an Employer's officers, owners, employees, agents, and/or representatives, however characterized, who exercise discretion and/or control with respect to the management, disposition, payment, or nonpayment of Employer Contributions that are due and owing to the [Trusts] (or any Fund Assets) shall be deemed "fiduciaries" of the [Trusts] within the meaning of [ERISA], including but not limited to 29 U.S.C. §1002(21)(A)(i), and shall be personally liable to the [Trusts] for the unpaid contributions, as well as all other amounts and damages resulting from the breach of fiduciary duty pursuant to ERISA, including but not limited to 29 U.S.C. §1109.

Exhibit 5.

72.    Upon information and belief, at all relevant times herein, Jeffries had the power and authority to pay Trinity's creditors, including the Trusts.

73.    Upon information and belief, since on or about September 15, 2010 and at all relevant times thereafter, Jeffries exercised his authority and control with respect to Trinity's finances, including making determinations as to which creditors would be paid and in what order.

74.    Upon information and belief, from on or about September 15, 2010 and at all relevant times thereafter, Jeffries directly and personally determined not to remit employer contributions owed by Trinity to the Trusts, and instead either diverted those payments to the general assets of Trinity, or used those payments due and owing to the Trusts for other impermissible uses.

75.    Upon information and belief, since on or about September 15, 2010 and at all relevant times thereafter, Jeffries directly and personally determined that the employer contributions owed to the Trusts by Trinity would be used for purposes other than the sole and exclusive

purpose of providing benefits to participants and beneficiaries under the Trusts, or defraying the Trusts' expenses.

76.     Pursuant to the Trust Agreements, as amended by Exhibit 5, the employer fringe benefit contributions due and owing to the Trusts from Trinity became the Trusts' assets at the time they became due.

77.     By exercising authority and control over Trinity's delinquent employer fringe benefit contributions that were owed to the Trusts since on or about September 15, 2010, and at all relevant times thereafter, Jeffries was a fiduciary pursuant to the Trust Agreements, as amended by Exhibit 5, as well as under Section 3(21)(A)(i) of ERISA, 29 U.S.C. § 1002(21)(A)(i).

78.     As a fiduciary, Jeffries owed fiduciary duties to the Trusts and their participants, with such duties being set forth in Sections 404(a), 406, and 408 of ERISA, 29 U.S.C. §§ 1104(a), 1106, and 1108.

79.     Jeffries grossly and deliberately breached his fiduciary duties by failing to remit employer contributions to the Trusts, and by diverting such contributions for other purposes.  In so doing, Jeffries:

> failed to discharge his fiduciary duties with respect to the Trusts solely in the interest of the participants and beneficiaries of the Plan: (i) in violation of Section 404(a)(1) of ERISA, 29 U.S.C. §1104(a)(1); (ii) for the exclusive purpose of providing benefits to the participants and beneficiaries of those plans, in violation of Section 404(a)(1)(A)(i) of ERISA, 29 U.S.C. §1104(a)(1)(A)(i); and (iii) in accordance with the documents and instruments governing those plans, in violation of Section 404(a)(1)(D) of ERISA, 29 U.S.C. §1104(a)(1)(D);

> caused the Trusts' participants to suffer a loss of benefits and rights to which they were entitled under the terms of the Trusts.

80.     By the aforementioned acts, errors, and omissions described herein, Jeffries has breached his fiduciary duties with respect to the Trusts.  Pursuant to Section 409(a) of ERISA, 29 U.S.C. § 1109, Jeffries is personally liable to make good to the Trusts and their participants for all losses resulting from such breaches.

### COUNT III – GLENN JEFFRIES ENGAGED IN ONE OR MORE THAN ONE PROHIBITED TRANSACTION WITH RESPECT TO THE TRUSTS

81.     The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

82.     Jeffries in his capacity as a fiduciary of the Trusts and as member of Trinity, as set forth above, is a party in interest to the Trusts as set forth in Section 3(14) of ERISA, 29 U.S.C. § 1002(14).

83.     Trinity, as a contributing employer of the Trusts, as set forth above, is a party in interest to the Trusts as set forth in Section 3(14) of ERISA, 29 U.S.C. § 1002(14).

84.     By diverting, or permitting, or allowing the diversion of employer contributions from the Trusts, Jeffries dealt with the Trusts' assets in his own interest or account or in the related interest or account of Trinity over which he has authority and control over, in violation of Section 406(b) of ERISA, 29 U.S.C. § 1006(b).

85.     By diverting, or permitting, or allowing the diversion of employer contributions from the Trusts as alleged above for the benefit of one or more parties in interest, whether for his own interest, or for the related interest of Trinity, Jeffries engaged in prohibited transactions under ERISA.

## COUNT IV – DONOVAN FARLEY'S BREACH OF FIDUCIARY DUTY IN VIOLATION OF SECTION 409 OF ERISA, 29 U.S.C. § 1109

86.     The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

87.     Upon information and belief, Donovan Farley is a member and President of Trinity.

88.     Upon information and belief, Defendant Farley is the statutory agent for Trinity.

89.     Upon information and belief, Defendant Farley has a controlling ownership interest in Trinity.

90.     Upon information and belief, Defendant Farley has the authority to obligate Trinity.

91.     Upon information and belief, Defendant Farley is a principal officer responsible for Trinity.

92.     Upon information and belief, Defendant Farley has authority to contractually obligate and bind Trinity.

93.     Upon information and belief, Defendant Farley has authority to spend money on behalf of Trinity.

94.     Upon information and belief, Defendant Farley is authorized to sign checks on behalf of Trinity.

95.     Upon information and belief, Defendant Farley chose to pay other creditors, including himself, rather than paying money owed to the Trusts.

96.     Effective September 14, 2010, the Trusts' Board of Trustees amended the Trust Agreements to establish the point at which employer contributions became Fund Assets. *See,* Exhibit 5.

97.     Pursuant to the Trust Agreements, as amended by Exhibit 5, "Employer Contributions are Fund Assets at the time that they become due as stated in the collective bargaining agreements

between the Unions and the Employers, the participation agreements, and [the] Trust Agreement[s]."

98.     Effective September 14, 2010, the Trusts' Board of Trustees further amended the Trust Agreements to establish the meaning of "Fund Assets." *See,* Exhibit 5.

99.     Pursuant to the Trust Agreements, as amended by Exhibit 5, "Fund Assets" include, the sums of money that have or will be paid or which are due and owing to the Trusts by the Employers as Employer Contributions required by the collective bargaining agreements between the Unions and the Employers, the participation agreements, the Trust Agreements, as well as signed stipulations (including, but not limited to settlement agreements, promissory notes, and judgments), or applicable law."

100.    Effective September 14, 2010, the Trusts' Board of Trustees further amended the Trust Agreements to provide as follows:

> Not by way of limitation, any of an Employer's officers, owners, employees, agents, and/or representatives, however characterized, who exercise discretion and/or control with respect to the management, disposition, payment, or nonpayment of Employer Contributions that are due and owing to the [Trusts] (or any Fund Assets) shall be deemed "fiduciaries" of the [Trusts] within the meaning of [ERISA], including but not limited to 29 U.S.C. §1002(21)(A)(i), and shall be personally liable to the [Trusts] for the unpaid contributions, as well as all other amounts and damages resulting from the breach of fiduciary duty pursuant to ERISA, including but not limited to 29 U.S.C. §1109.

Exhibit 5.

101.    Upon information and belief, at all relevant times herein, Farley had the power and authority to pay Trinity's creditors, including the Trusts.

102.    Upon information and belief, since on or about September 15, 2010 and at all relevant times thereafter, Farley exercised his authority and control with respect to Trinity's finances, including making determinations as to which creditors would be paid and in what order.

103.    Upon information and belief, from on or about September 15, 2010 and at all relevant times thereafter, Farley directly and personally determined not to remit employer contributions owed by Trinity to the Trusts, and instead either diverted those payments to the general assets of Trinity, or used those payments due and owing to the Trusts for other impermissible uses.

104.    Upon information and belief, since on or about September 15, 2010 and at all relevant times thereafter, Farley directly and personally determined that the employer contributions owed to the Trusts by Trinity would be used for purposes other than the sole and exclusive purpose of providing benefits to participants and beneficiaries under the Trusts, or defraying the Trusts' expenses.

105.    Pursuant to the Trust Agreements, as amended by Exhibit 5, the employer fringe benefit contributions due and owing to the Trusts from Trinity became the Trusts' assets at the time they became due.

106.    By exercising authority and control over Trinity's delinquent employer fringe benefit contributions that were owed to the Trusts since on or about September 15, 2010, and at all relevant times thereafter, Farley was a fiduciary pursuant to the Trust Agreements as well as under Section 3(21)(A)(i) of ERISA, 29 U.S.C. § 1002(21)(A)(i).

107.    As a fiduciary, Farley owed fiduciary duties to the Trusts and their participants, with such duties being set forth in Sections 404(a), 406, and 408 of ERISA, 29 U.S.C. §§ 1104(a), 1106, and 1108.

108.   Farley grossly and deliberately breached his fiduciary duties by failing to remit employer contributions to the Trusts, and by diverting such contributions for other purposes.  In so doing, Farley:

> failed to discharge his fiduciary duties with respect to the Trusts solely in the interest of the participants and beneficiaries of the Plan: (i) in violation of Section 404(a)(1) of ERISA, 29 U.S.C. §1104(a)(1); (ii) for the exclusive purpose of providing benefits to the participants and beneficiaries of those plans, in violation of Section 404(a)(1)(A)(i) of ERISA, 29 U.S.C. §1104(a)(1)(A)(i); and (iii) in accordance with the documents and instruments governing those plans, in violation of Section 404(a)(1)(D) of ERISA, 29 U.S.C. §1104(a)(1)(D);

> caused the Trusts' participants to suffer a loss of benefits and rights to which they were entitled under the terms of the Trusts.

109.   By the aforementioned acts, errors, and omissions described herein, Farley has breached his fiduciary duties with respect to the Trusts.  Pursuant to Section 409(a) of ERISA, 29 U.S.C. § 1109, Farley is personally liable to make good to the Trusts and their participants for all losses resulting from such breaches.

## COUNT V – DONOVAN FARLEY ENGAGED IN ONE OR MORE THAN ONE PROHIBITED TRANSACTION WITH RESPECT TO THE TRUSTS

110.   The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

111.   Farley in his capacity as a fiduciary of the Trusts and as member of Trinity, as set forth above, is a party in interest to the Trusts as set forth in Section 3(14) of ERISA, 29 U.S.C. § 1002(14).

112.   Trinity, as a contributing employer of the Trusts, as set forth above, is a party in interest to the Trusts as set forth in Section 3(14) of ERISA, 29 U.S.C. § 1002(14).

113. By diverting, or permitting, or allowing the diversion of employer contributions from the Trusts, Farley dealt with the Trusts' assets in his own interest or account or in the related interest or account of Trinity over which he has authority and control over, in violation of Section 406(b) of ERISA, 29 U.S.C. § 1006(b).

114. By diverting, or permitting, or allowing the diversion of employer contributions from the Trusts as alleged above for the benefit of one or more parties in interest, whether for his own interest, or for the related interest of Trinity, Farley engaged in prohibited transactions under ERISA.

## COUNT VI – JAMIE REED'S BREACH OF FIDUCIARY DUTY IN VIOLATION OF SECTION 409 OF ERISA, 29 U.S.C. § 1109

115. The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

116. Upon information and belief, Jamie Reed is a member of Trinity.

117. Upon information and belief, Defendant Reed is the statutory agent for Trinity.

118. Upon information and belief, Defendant Reed has a controlling ownership interest in Trinity.

119. Upon information and belief, Defendant Reed has the authority to bind and obligate Trinity.

120. Upon information and belief, Defendant Reed is a principal officer responsible for Trinity.

121. Upon information and belief, Defendant Reed has authority to contractually bind Trinity.

122. Upon information and belief, Defendant Reed has authority to spend money on behalf of Trinity.

123.    Upon information and belief, Defendant Reed is authorized to sign checks on behalf of Trinity.

124.    Upon information and belief, Defendant Reed chose to pay other creditors, including himself, rather than paying money owed to the Trusts.

125.    Effective September 14, 2010, the Trusts' Board of Trustees amended the Trust Agreements to establish the point at which employer contributions became Fund Assets.  *See,* Exhibit 5.

126.    Pursuant to the Trust Agreements, as amended by Exhibit 5, "Employer Contributions are Fund Assets at the time that they become due as stated in the collective bargaining agreements between the Unions and the Employers, the participation agreements, and [the] Trust Agreement[s]."

127.    Effective September 14, 2010, the Trusts' Board of Trustees further amended the Trust Agreements to establish the meaning of "Fund Assets."  *See,* Exhibit 5.

128.    Pursuant to the Trust Agreements, as amended by Exhibit 5, "Fund Assets" include, the sums of money that have or will be paid or which are due and owing to the Trusts by the Employers as Employer Contributions required by the collective bargaining agreements between the Unions and the Employers, the participation agreements, the Trust Agreements, as well as signed stipulations (including, but not limited to settlement agreements, promissory notes, and judgments), or applicable law."

129.    Effective September 14, 2010, the Trusts' Board of Trustees further amended the Trust Agreements to provide as follows:

> Not by way of limitation, any of an Employer's officers, owners, employees, agents, and/or representatives, however characterized, who exercise discretion and/or control with respect to the management, disposition, payment, or nonpayment of Employer

> Contributions that are due and owing to the [Trusts] (or any Fund Assets) shall be deemed "fiduciaries" of the [Trusts] within the meaning of [ERISA], including but not limited to 29 U.S.C. §1002(21)(A)(i), and shall be personally liable to the [Trusts] for the unpaid contributions, as well as all other amounts and damages resulting from the breach of fiduciary duty pursuant to ERISA, including but not limited to 29 U.S.C. §1109.

Exhibit 5.

130.    Upon information and belief, at all relevant times herein, Reed had the power and authority to pay Trinity's creditors, including the Trusts.

131.    Upon information and belief, since on or about September 15, 2010, and at all relevant times thereafter, Reed exercised his authority and control with respect to Trinity's finances, including making determinations as to which creditors would be paid and in what order.

132.    Upon information and belief, from on or about September 15, 2010, and at all relevant times thereafter, Reed directly and personally determined not to remit employer contributions owed by Trinity to the Trusts, and instead either diverted those payments to the general assets of Trinity, or used those payments due and owing to the Trusts for other impermissible uses.

133.    Upon information and belief, since on or about September 15, 2010, and at all relevant times thereafter, Reed directly and personally determined that the employer contributions owed to the Trusts by Trinity would be used for purposes other than the sole and exclusive purpose of providing benefits to participants and beneficiaries under the Trusts, or defraying the Trusts' expenses.

134.    Pursuant to the Trust Agreements, as amended by Exhibit 5, the employer fringe benefit contributions due and owing to the Trusts from Trinity became the Trusts' assets at the time they became due.

135.    By exercising authority and control over Trinity's delinquent employer fringe benefit contributions that were owed to the Trusts since on or about September 15, 2010, and at all relevant times thereafter, Reed was a fiduciary pursuant to the Trust Agreements, as amended by Exhibit 5, as well as under Section 3(21)(A)(i) of ERISA, 29 U.S.C. § 1002(21)(A)(i).

136.    As a fiduciary, Reed owed fiduciary duties to the Trusts and their participants, with such duties being set forth in Sections 404(a), 406, and 408 of ERISA, 29 U.S.C. §§ 1104(a), 1106, and 1108.

137.    Reed grossly and deliberately breached his fiduciary duties by failing to remit employer contributions to the Trusts, and by diverting such contributions for other purposes.  In so doing, Reed:

> failed to discharge his fiduciary duties with respect to the Trusts solely in the interest of the participants and beneficiaries of the Plan: (i) in violation of Section 404(a)(1) of ERISA, 29 U.S.C. §1104(a)(1); (ii) for the exclusive purpose of providing benefits to the participants and beneficiaries of those plans, in violation of Section 404(a)(1)(A)(i) of ERISA, 29 U.S.C. §1104(a)(1)(A)(i); and (iii) in accordance with the documents and instruments governing those plans, in violation of Section 404(a)(1)(D) of ERISA, 29 U.S.C. §1104(a)(1)(D);

> caused the Trusts' participants to suffer a loss of benefits and rights to which they were entitled under the terms of the Trusts.

138.    By the aforementioned acts, errors, and omissions described herein, Reed has breached his fiduciary duties with respect to the Trusts.  Pursuant to Section 409(a) of ERISA, 29 U.S.C. § 1109, Reed is personally liable to make good to the Trusts and their participants for all losses resulting from such breaches.

## COUNT VII – JAMIE REED ENGAGED IN ONE OR MORE THAN ONE PROHIBITED TRANSACTION WITH RESPECT TO THE TRUSTS

139.    The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

140.    Reed in his capacity as a fiduciary of the Trusts and as member of Trinity, as set forth above, is a party in interest to the Trusts as set forth in Section 3(14) of ERISA, 29 U.S.C. § 1002(14).

141.    Trinity, as a contributing employer of the Trusts, as set forth above, is a party in interest to the Trusts as set forth in Section 3(14) of ERISA, 29 U.S.C. § 1002(14).

142.    By diverting, or permitting, or allowing the diversion of employer contributions from the Trusts, Reed dealt with the Trusts' assets in his own interest or account or in the related interest or account of Trinity over which he has authority and control over, in violation of Section 406(b) of ERISA, 29 U.S.C. § 1006(b).

143.    By diverting, or permitting, or allowing the diversion of employer contributions from the Trusts as alleged above for the benefit of one or more parties in interest, whether for his own interest, or for the related interest of Trinity, Reed engaged in prohibited transactions under ERISA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this honorable Court grant them the following relief:

## AS TO TRINITY:

1.    A monetary judgment against Trinity in favor of Plaintiffs for all unpaid fringe benefit contributions, interest, and liquidated damages of **$35,973.19**.

2.      A monetary judgment against Trinity in favor of Plaintiffs for Plaintiffs' attorneys' fees and other costs of this action, to be set forth in a separate motion and affidavit of counsel at the conclusion of this case.

3.      A permanent injunction against Trinity be issued pursuant to Section 502(g)(2)(E) of ERISA prohibiting future violations of Section 515 of ERISA, 29 U.S.C. §1145 with respect to the Trusts.

4.      A declaratory order from this Court requiring Trinity to timely submit all missing contribution reports and to timely submit all such reports in the future.

5.      A monetary judgment against Trinity for all unpaid fringe benefit contributions, interest, and liquidated damages owed under all missing contribution reports.

6.      A declaratory order from this Court requiring Trinity to comply with the Trusts' auditor's request to examine and review the documents necessary to complete a payroll audit.

7.      An order directing disgorgement of all ill-gotten gains by Trinity, including employer contributions that have been wrongfully withheld from the Funds.

8.      Post-judgment interest pursuant to 28 U.S.C. §1961.

9.      Such other legal or equitable relief as this Court deems appropriate.

10.     That this Court retain jurisdiction of this cause pending compliance with its orders.

**AS TO DEFENDANTS GLENN JEFFRIES, DONOVAN FARLEY, AND JAMIE REED:**

11.     A declaratory order finding that Jeffries, Farley, and Reed have breached their fiduciary duties owed to the Trusts.

12.     A declaratory order finding that Jeffries, Farley, and Reed have engaged in prohibited transactions under ERISA.

27

13.     A declaratory order finding that Jeffries, Farley, and Reed are jointly and severally liable with Trinity to reimburse the Trusts for all losses resulting from each such breach pursuant to Section 409(a) of ERISA, 29 U.S.C. §1109(a), including all delinquent fringe benefit contributions, interest, liquidated damages, costs, and attorneys' fees, with such known amounts totaling **$35,973.19**.

14.     A monetary judgment against Jeffries, Farley, and Reed in favor of Plaintiffs for all unpaid contributions, interest, and liquidated damages owed by Trinity, as alleged above.

15.     A monetary judgment against Jeffries, Farley, and Reed in favor of Plaintiffs for Plaintiffs' attorneys' fees and other costs of this action.

16.     A monetary judgment against Jeffries, Farley, and Reed for all unpaid contributions, interest, and liquidated damages owed under all missing contribution reports that Trinity is being ordered to produce.

17.     An order directing an accounting of all of Trinity's delinquent contributions that have not been paid to the Trusts due to Jeffries', Farley's, and Reed's orders or direction, and an accounting of all losses suffered by the Trusts and their participants as a result of Jeffries', Farley's, and Reed's fiduciary breaches and prohibited transactions, with costs of such accounting to be paid by Jeffries, Farley, and Reed.

18.     An monetary judgment directing Jeffries, Farley, and Reed to pay to the Trusts all amounts required to recover the losses suffered by the Trusts and their participants, including all rights and benefits to which such participants were entitled to under the Trusts' plans of benefits, as a result of his breaches of fiduciary duty and prohibited transactions.

19.     An order directing disgorgement of all ill-gotten gains by Jeffries, Farley, and Reed, including employer contributions that have been wrongfully withheld from the Trusts.

20.     Post-judgment interest pursuant to 28 U.S.C. § 1961.

21.     Such other relief as the Court may deem equitable and just under the circumstances.

22.     The Trusts would request that this Court retain jurisdiction over this Case pending Jeffries', Farley's, and Reed's compliance with its orders.

Respectfully submitted,

/s/ Joseph C. Hoffman, Jr.
Joseph C. Hoffman, Jr. (Ohio Reg. No. 0056060)
Joseph D. Mando (Ohio Reg. No. 0082835)
Faulkner, Hoffman & Phillips, LLC
One International Place
20445 Emerald Parkway Dr., Suite 210
Cleveland, Ohio 44135-6029
Phone: (216) 781-3600
Fax:     (216) 781-8839
Email: hoffman@fmplaw.com
Email: mando@fhplaw.com

Attorneys for Plaintiffs Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust, *et al.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of October, 2013, a copy of the foregoing complaint was served via certified mail pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h) on the following:

        Secretary of the Treasury
        Internal Revenue Service
        1111 Constitution Avenue, N.W., Room 4428
        Washington, D.C. 20224
        Attention:     Employee Plans

        Secretary of Labor
        200 Constitution Avenue, N.W.
        Washington, D.C. 20210
        Attention:     Assistant Solicitor for
                      Plan Benefits Security

                Respectfully submitted,


                /s/ Joseph C. Hoffman, Jr.
                Joseph C. Hoffman, Jr. (Ohio Reg. No. 0056060)